

Priority  X
Send  X
Enter  X
Closed
JS-5/JS-6  X
JS-2/JS-3 ___
Scan Only ___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | | |
|---|---|---|
| PEYMON MOTTAHEDEH, | ) | Case No. SA CV 99-754-GLT (EEx) |
| Plaintiff, | ) | [~~TENTATIVE~~] ORDER GRANTING MOTION TO DISMISS, DENYING MOTION TO STRIKE, AND DISMISSING ALL REMAINING DEFENDANTS |
| vs. | ) | |
| CITY OF TUSTIN, et al. | ) | Calendar Item #6 |
| Defendants. | ) | |

The City Defendants' Motion to Dismiss is GRANTED without leave to amend.  The City Defendants' Motion for Rule 11 Sanctions is DENIED.  The Court ORDERS the action dismissed without leave to amend as to all remaining Defendants.

## I. BACKGROUND

This is an action alleging violations of 42 U.S.C. §§ 1983 and 1985, RICO, and other violations arising out of the seizure of Plaintiff's car by the Tustin police.  Plaintiff was pulled and his car was allegedly seized, apparently because his driver's license had been suspended.  Plaintiff alleges the required procedures and fees to get his car back amounted to a denial of due process and an "extortion racket" by the Defendants, who include the City of Tustin, Orange County, the towing company, and various individuals.

MAY 2 2 2000

ENTERED ON ICMS

1    Defendants Don Elmore, Cheryl Leininger, Marjorie Carter, and the

2  County of Orange have already been dismissed.

3    Defendants City of Tustin, Alex Kiilehua, Steve Lewis, Robert

4  Wilcox, Jeffrey Thomas, Thomas Saltarelli, Mike Doyle, Jim Potts,

5  Tracy Wills Worley, and Steve Foster (collectively "the City

6  Defendants") move to dismiss.

7                        II. DISCUSSION

8  A.   Motion to Dismiss

9    Plaintiff has stipulated to drop his intentional infliction of

10  emotional distress claim against the City.  The remaining claims all

11  arise under 42 U.S.C. §§ 1983, 1985 and RICO.  Plaintiff fails to

12  state a claim against the City under these statutes.

13    Though the Complaint includes numerous conclusory statements

14  about "violation of the 4th and 14th Amendments of the U.S.

15  Constitution" and "act[s] of extortion" and "racketeering," Plaintiff

16  has not pled any facts supporting these statements.  Plaintiff's

17  Complaint indicates the City Defendants acted in accordance with the

18  procedures set out by California Vehicle Code § 14602.6, which is

19  entitled "Driving without a license; arrest; seizure and impoundment

20  of vehicle; notice to owner; storage hearing; release of vehicle."

21    Plaintiff has alleged no facts indicating the statutory

22  procedures were not followed, and has not alleged the statute was

23  improperly applied to him.  The Complaint simply indicates Plaintiff's

24  displeasure with the statutory procedures.  Plaintiff has indicated he

25  /////

26  /////

27  /////

28

1  is not, however, challenging the validity of the statute itself in

2  this action.[1]  Opp. 5-6.

3      Absent any of these things, Plaintiff cannot show a violation of

4  42 U.S.C. §§ 1983, 1985 or RICO.  The City Defendants acted in

5  accordance with a California statute, and the validity of that statute

6  is not in question.  Plaintiff cannot state a claim for denial of any

7  constitutional right and cannot plead any predicate criminal act for a

8  RICO claim.

9      Because the Court finds Plaintiff cannot state a claim, the Court

10 does not reach the City Defendants' arguments about service of

11 process.  The motion to dismiss is GRANTED.

12 B.  Motion for Rule 11 Sanctions

13     Though the Court finds Plaintiff has not stated a claim, it

14 declines to impose Rule 11 sanctions on him or his former attorneys.

15 A plaintiff should not be sanctioned simply for failure to state a

16 claim.  Defendants have not shown a violation of Rule 11(b).

17     Plaintiff was correct to "ignore" Westmoreland v. Chapman, 268

18 Cal.App.2d 1 (1968).  That decision is not relevant to this action.

19 Plaintiff has not raised any bill of attainder arguments here, and his

20 arguments and conduct in the state court writ of mandate proceeding

21 are not properly before this Court.

22     The City Defendants' service of process arguments rely on facts

23 which are in dispute between the parties.  There is not a sufficient

24 showing of a violation of any rules or improper purpose.  As discussed

25

26 ───────────────

       [1] Plaintiff has already brought an unsuccessful
27 constitutional challenge in a petition for writ of mandate in the
   Orange County Superior Court, in which he argued the statute was
28 a bill of attainder.  Req. for Jud. Notice Exh. 2.

1  above, the Court need not resolve the parties' factual disputes about

2  service of process.  The City Defendants' statute of limitations

3  argument relies on their contentions regarding service of process and

4  similarly does not provide a basis for Rule 11 sanctions.

5      The City Defendants have not provided any support for their

6  assertions Plaintiff's RICO claims were brought for improper

7  purposes.[2/]  They have similarly failed to support their assertion the

8  naming of city council members was improper.  They argue that

9  "[a]pparently the only reason why Plaintiff named the council members

10  was to harass and annoy them, and to cause the City to expend

11  additional taxpayer monies defending this lawsuit."  This, however, is

12  speculation, since the City Defendants offer no declarations or other

13  support for it.[3/]

14      The City Defendants have not shown a violation of Rule 11(b) and

15  the Motion for Sanctions is DENIED.

16  C.  Remaining Defendants

17      The Court has not received a responsive pleading from, and

18  Plaintiff has not filed proofs of service for, the remaining

19  _____

20  [2/] The City Defendants may be relying in part on their
mistaken interpretation of RICO caselaw.  Though they contend the

21  city cannot be liable as a RICO enterprise, Plaintiff correctly
points out it can.  See United States v. Freeman, 6 F.3d 586,

22  596-97 (9th Cir. 1993).  Plaintiff's RICO claims against the City
Defendants are not frivolous, though they fail for the reasons

23  discussed in the previous portion of this order.

24  [3/] The City Defendants have filed a declaration with several
exhibits in support of the Rule 11 motion.  The exhibits consist

25  of several letters their counsel wrote to Plaintiff, Plaintiff's
substitution of attorney form, and a Los Angeles Daily Journal

26  discussing the conduct of one of Plaintiff's attorneys in an
unrelated lawsuit.  The Daily Journal article is irrelevant and

27  its inclusion is improper.  The letters of the City Defendant's
counsel are of little evidentiary value in showing sanctionable

28  conduct by Plaintiff.

1  defendants.[4]  The Court issued an Order to Show Cause about this

2  issue on February 9, 2000 and required a response by March 6.

3  Plaintiff has not filed a response or proofs of service for these

4  defendants, and the Court has received no responsive pleading.  The

5  Court ORDERS the action dismissed without leave to amend as to all

6  remaining defendants.

7

8  DATED: May 22, 2000

9

10                                    GARY L. TAYLOR
                                      UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    [4]  The remaining defendants are J & R Towing Inc. as well as
27  three individual defendants with unknown last names: Rene, Alex,
    and Sheri.  All other named defendants either were already
28  dismissed or are before the Court on these motions.